UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LUIS ALONZO AGUILAR and<br>KIM AGUILAR | CIVIL ACTION |
| VERSUS | NO. 07-5652 |
| BOLLINGER SHIPYARDS, INC.<br>and BLESSEY MARINE SERVICE, INC. | SECTION "C"(5) |

**ORDER AND REASONS**

Before the Court is Motion for Summary Judgment filed by Defendant Bollinger Shipyards, Inc. ("Bollinger") seeking dismissal of the Plaintiffs' claims against it. (Rec. Doc. 36). The Court having considered the record, the memoranda and arguments of the parties, the law and applicable jurisprudence DENIES the Defendant's motion for the following reasons.

**I.    BACKGROUND**

The plaintiff, Luis Aguilar ("Aguilar") filed this matter against Blessey Marine Service, Inc. ("Blessey") under 33 U.S.C. § 905 (b) and against Bollinger under general maritime law. Aguilar, a vessel repairman, seeks damages for personal injuries allegedly sustained when working aboard Blessey's vessel, the M/V DREAMA KLAIBER, in Bollinger's shipyard.

According to the complaint, Aguilar was allegedly struck by an I-beam that was suspended aboard the M/V DREAMA KLAIBER. Aguilar's employer, Karl Senner Inc.

("Senner"), was under contract to overhaul the vessel's engine gears at Bollinger's shiyard. In order to fix the engine's gearing system, the newly repaired gears needed to be lowered into place in the engine's gearbox. This task was first completed on the vessel's port side with the aid of an I-beam that was provided by Bollinger. The I-beam was then moved to the starboard side of the vessel in order to position the remaining engine gears. It was at this time that the beam was dislodged and allegedly struck Aguilar.

Bollinger seeks summary judgment based on the facts it considers undisputed: it did not own the vessel upon which the Aguilar was injured, Aguilar and Senner were not working for Bollinger, and there was no defect in the beam it provided. As a result, Bollinger argues that it owes no duty under the general maritime law pursuant to *Florida Fuels, Inc. v. Citgo Petroleum Corp.*, 6 F.3d 330 (5th Cir. 1993) and *Daniels v. Florida Power & Light Co.*, 317 F.2d 41 (5th Cir. 1963), *cert denied*, 375 U.S. 832 (1963).

## II.    STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the

2

district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

### III.    LAW AND ANALYSIS

Bollinger argues that it was under no duty to provide the I-beam to Senner or Blessey, therefore it is "not answerable in tort to a person whom he [owes] no duty."  *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 222, n 8 (5th Cir. 1975), *overruled on other grounds, Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997).  The plaintiffs argue that the contract between Bollinger and Senner provided for Bollinger's provision of equipment to Senner and that, in any event, Bollinger was actively involved in the placement of the I-beam.

In both *Florida Fuels* and *Daniels,* the Fifth Circuit found that dock owners were under no affirmative duty to provide safe means of access between the docks and the vessels moored to them.  Both of these cases are clearly distinguishable and inapposite.

In *Florida Fuels* the plaintiff seaman was injured while climbing a ladder from his own vessel, not one provided by the dock owner. 6 F.3d at 331.  The court carefully noted the

distinction regarding who provided the ladder that injured the plaintiff. *Id.* at 333 ("[t]he appellants do not contend . . . that the accident was caused by a person for whom [defendant dock owner] was answerable or that the ladder was in [defendant]'s custody. Instead, they urge this Court to find that [defendant] had a legal duty to provide [plaintiff] with a reasonably safe means of boarding and departing from the [vessel]").

Similarly in *Daniels,* the court held that a dock owner was under no duty to provide a safe means of boarding vessels moored to its docks. 317 F.2d 41, 43. In that case**,** the vessel worker was injured after falling from a ladder that was customarily left on the dock and used by vessel workers to board ships. *Id* at 42. The court carefully noted twice in its opinion that "[n]o employee of [defendant dock owner] put the ladder in use." *Id.*

The case at hand is clearly distinguishable. Here, the Plaintiffs contend that Bollinger used its crane to lift the I-beam into place and that two Bollinger employees helped move the I-beam into place. The courts in *Florida Fuels* and *Daniels* drew a distinction between determining whether a dock owner is under an affirmative duty to provide an access way onto a vessel and whether such a duty would arise if the dock owner actively provides and installs such an access way. For the purposes of summary judgment, the case at hand is more similar to the latter. Here, Bollinger is alleged to have actively participated in causing the danger that injured the plaintiff. This situation is different from *Florida Fuels* and *Daniels* where the dock owners were merely passive participants and the plaintiff attempted to establish a duty using a custom argument. *See e.g. Florida Fuels*, 6 F.3d at 334.

Accordingly,

**IT IS ORDERED** that Defendant Bollinger's Motion for Summary Judgment is hereby

**DENIED**.  (Rec. Doc. 36).

New Orleans, Louisiana, this 24th day of November, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE