UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LUIS ALONSO AGUILAR, ET AL          CIVIL ACTION

VERSUS                              NO. 07-5652

BOLLINGER SHIPYARDS, INC., ET AL    SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion to exclude expert testimony filed by Bollinger Shipyards, Inc. ("Bollinger") and motion in limine to exclude testimony of plaintiffs' liability expert, Geoff Webster filed by Blessey Marine Services, Inc. ("Blessey"). Having considered the record, the memoranda of counsel and the law, the Court finds that the motions should be partially granted and partially denied for the following reasons.

Both defendants move to exclude the expert testimony of plaintiff's witness, Geoff Webster ("Webster"), whose testimony includes the opinions that Bollinger was negligent as a shipyard owner because it failed to have its safety department check out

1

"the manner [sic] the I Beam ... was a safe means for carry out the lifting of the gears," failed to have the safety department "carry out a JSA prior to lifting and replacing of the gears, before the work commenced," failed to have the safety department check out the "tie points for the chain falls ... before the work commenced," and failed "to supervise the repairs" and breached OSHA and ILO regulations for ship repairing operations. (Rec. Doc. 67, Exh. E, pp. 9-10). Webster also opines that Blessey was negligent as a shipowner because it failed to have its safety officer "ensure it was a safe means for carrying out the lifting of the gears, failed to "have a JSA for the repairs prior to the work commencing" and failed "to supervise the repairs" and breached the OSHA and ILO regulations for ship repairing operations. (Rec. Doc. 67, Exh. E, p. 10).

The defendants argue that Webster's report contains legal conclusions and makes irrelevant reference to OSHA regulations. With regard to the former contention, the Court agrees that the duty owed to the plaintiff by these defendants is determined by the Court. Nevertheless, the scope of the duty owed is dependent in part on the nature of their knowledge and involvement in the circumstances leading to the accident. Here, as indicated in the Court's ruling on the motions for summary judgment, Bollinger owed a duty of reasonable care and because it allegedly undertook an active role in providing that positioning the I-beam involved in the accident, that testimony would be

admissible with respect to whether a duty was owed.  In addition, Blessey's alleged knowledge of the danger posed by the use of the I-Beam affects its "active control" and duty to intervene under *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981) for purposes of this motion.    The duties owed remain the same and are determined by the Court.   The fault of these defendants for what they did or failed to do within the confines of that legal duties are issues for trial.   The proposed testimony may well "assist the trier of fact to understand the evidence or to determine a fact in issue" for purposes of Fed. R. Evid. 702.[1]  To the extent it encroaches on a legal opinion, the Court as the factfinder will simply disregard it.

With regard to the reference to OSHA violations, the Court recognizes that any such violation is not evidence of negligence *per se* because neither defendant is the plaintiff's employer.  To that extent, the motions in limine have merit.   At the same time, the Fifth Circuit has recognized that OSHA standards "could be offered as relevant evidence of a defendant's negligence as opposed to negligence *per se*.  *Dixon v. International Harvester Co.*, 754 F.2d 573 , 581 (5th Cir. 1985).

Accordingly,

---

[1] The Court does not read the motions as raising any issue as to the qualifications of Webster.

IT IS ORDERED that the motion to exclude expert testimony filed by Bollinger Shipyards, Inc. and the motion in limine to exclude testimony of plaintiffs' liability expert, Geoff Webster filed by Blessey Marine Services, Inc. are PARTIALLY GRANTED and PARTIALLY DENIED. (Rec. Doc. 72, 67).

New Orleans, Louisiana, this 24th day of November, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE